UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OSVALDO GUTIERREZ, | ) | |
| LUIS GUTIERREZ, ALBERTO | ) | |
| CAMARGO, RAMÓN ANDRADE | ) | CIVIL ACTION FILE |
| SILVIA CUELLAR and ISRAEL | ) | NO: |
| REYES, on their own behalf and others | ) | |
| similarly  situated, | ) | |
| | ) | FAIR LABOR STANDARDS ACT |
| Plaintiffs, | ) | COLLECTIVE ACTION |
| | ) | |
| vs. | ) | |
| | ) | |
| PLAZA SECURITY, LLC; | ) | |
| JAMES ESTLUND; and | ) | |
| JANETH ESTLUND, individually and | ) | |
| as owners of the corporate Defendant, | ) | |
| | ) | **JURY TRIAL DEMAND** |
| Defendants, | ) | |
| _____ | ) | |

## <u>COMPLAINT</u>

COME NOW, the Plaintiffs who hereby bring this action under the Fair Labor

Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") on behalf of themselves

and others similarly situated for unpaid overtime compensation, liquidated damages,

reasonable expenses of litigation, and attorneys' fees, on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 29 U.S.C. §216(b).

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

3.

At all times material to this complaint, Plaintiffs and others similarly situated engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b) and 203(j).

4.

The additional persons that may become Plaintiffs in this action are Defendants' current and/or former employees that are/were non-exempt and who during one or more work weeks in the three year statute of limitations period were not paid time and a half wages for all hours they worked in excess of forty (40) in a work week.

<u>PARTIES</u>

5.

Plaintiffs are current and former security guards and laborers for the Defendants who have been denied overtime compensation during the terms of their employment. Plaintiffs sit at a desk and provide a security guard presence for various office and commercial properties.

6.

Named Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. §216(b).  The individual Plaintiffs consent to serve as the employee representatives and are incorporated herein as Exhibits "A-1" through "A-6".

7.

Defendant Plaza Security is a corporation formed under the laws of the State of Georgia which provides security guards for various office and commercial properties throughout the metropolitan Atlanta area.  Defendant may be served with process through its registered agent, Janeth Estlund, 2207 Birch Hollow, Lawrenceville, Georgia, 30043 in Gwinnett County, Georgia.

8.

Defendants are an employer and/or joint-employer within the meaning of FLSA § 203(d) and are not an exempt employer under the Act.

9.

Defendants, James and Janeth Estlund, are supervisors, officers and/or owners for Plaza Security who were acting in the interests of Plaza Security when they set the terms and conditions of employment for the Plaintiffs, including the decision not to pay them overtime.

10.

By not paying overtime, Defendants, James and Janeth Estlund, were able to personally profit more from their ownership of Plaza Security and pay themselves a greater profit, salary and/or benefits.

11.

Defendants had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated, and at least two employees engaged in interstate commerce. At all times material to this complaint Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

-4-

12.

The named Plaintiffs are authorized to bring this action on behalf of other similarly situated past and present employees. The written authorizations of such employees have been collectively filed in this action, and are incorporated by this reference as if attached. Each authorization expressly consents to this suit and grants this Court the authority to adjudicate each individual's claim. Said authorizations may from time to time be supplemented as other similarly situated individuals "opt-in" to this litigation, pursuant to 29 U.S.C. §216(b).

FACTUAL ALLEGATIONS

13.

Upon information and belief, Defendant has in the past and currently employs over 35 employees as security guards in the metropolitan Atlanta area.

14.

Plaintiffs and the members of the class they seek to represent are employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. §207(a).

15.

As security guards, Plaintiffs' duties included watching the front desk, making rounds of the buildings for security purposes, and providing a security presence at the various office and commercial properties that were handled by Plaza Security.

16.

The main purpose of the security guard is to provide security services for the various offices and commercial properties that were handled by Plaza Security.

17.

At all times relevant to this case, the Plaintiff security guards were not responsible for supervising any other employees.

18.

At all times relevant to this case, none of the Plaintiff s possessed the authority to hire or terminate employees.

19.

Plaintiff security guards also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

20.

At all times relevant to this action, Plaintiff security guards possessed no independent discretion regarding the pricing or fees for security services and had no authority to negotiate these matters with customers; Plaintiff security guards did not otherwise possess discretion or exercise independent judgment in the daily activities they performed.

21.

At all times relevant to this action, the security guards were required to work a specific schedule and had to clock in and out of work.

22.

Plaintiffs were charged a weekly uniform fee by the Defendants.

23.

At all times relevant to this action, Plaintiff security guards were docked for both hours and days missed due to illness, accident or other absences.

24.

Prior to October 1, 2008 and to the present, Defendants required their security guards, including Plaintiffs, to work in excess of 40 hours per workweek.

25.

Prior to October 1, 2008 and to the present, Defendants did not compensate Plaintiffs for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which they are employed.

26.

Defendants fail to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207.

27.

Defendants are liable to Plaintiffs and all members of the putative opt-in class for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## **Count I**

### **(CLAIM FOR RELIEF UNDER FLSA § 207)**

28.

The above facts support Plaintiffs' claims for relief under the FLSA.

-8-

29.

Defendants' failure to compensate Plaintiffs for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for Plaintiffs for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. §216.

## Count II

### (42 U.S.C. § 1981)

30.

The above facts support Plaintiffs' claims for relief under this claim.

31.

Plaintiffs are not from the United States or they are of Hispanic race or national origin.

32.

At some point in time, Defendants began to pay their American workers overtime but elected not to pay their Hispanic workers overtime. Plaintiffs were

denied overtime benefits and other terms and conditions of employment on account of their Hispanic race or national origin.

33.

Plaintiffs have been denied various wages, benefits, and workplace opportunities by the Defendants so that they are entitled to back pay, front pay overtime, as well as both compensatory and punitive damages to deter the defendants from repeating such conduct in the future.

WHEREFORE, the Plaintiffs request this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for Defendants' security guards, past and present, who elect to participate in this action by filing proper written notice with the Court;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Award to Plaintiffs and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate,  liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e)     Award to Plaintiffs all of their back pay, front pay, as well as both

compensatory and punitive damages for violation of 42 U.S.C. § 1981 for

race and national origin discrimination.

(f)     Issue a declaratory judgment that security guards employed prior to October

11, 2008 (or such other date as the evidence may show as the date on which

Defendants began to compensate security guards with overtime) are covered

by the provisions of the FLSA and that Defendants failed to comply with the

requirements of the FLSA;

(g)     Award Plaintiffs their attorney's fees and costs; and

(h)     Award any other such further relief this Court deems just, equitable and

proper.

## <u>JURY DEMAND</u>

Plaintiff herein requests trial by jury of all issues in this action.

This 12th day of October, 2011.

**PANKEY & HORLOCK, LLC**

By:_   /s/Larry A. Pankey
        Larry A. Pankey
        Georgia Bar No. 560725
        Attorneys for Plaintiff

-11-

4360 Chamblee Dunwoody Road
Suite 500
Atlanta, Georgia  30341-1055
Phone 770-670-6250
Fax     770-670-6249